**Opinion issued August 6, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00221-CR

———————————

**TORAY LAMONT MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Case No. 19738**

---

## MEMORANDUM OPINION

Toray Lamont Moore pled guilty to aggravated assault with a deadly weapon[1]

and entered into a plea agreement under which the trial court placed him on deferred

---

[1]     *See* TEX. PENAL CODE § 22.02(a)(1).

adjudication community supervision for six years. In April 2024, the State moved to adjudicate Moore's guilt, alleging he had violated multiple terms of his community supervision. After a hearing, the trial court granted the State's motion, adjudicated Moore guilty, and sentenced him to 15 years in prison.[2] Moore timely appealed.

Moore's appointed counsel has now filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel states in his brief that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Moore's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Moore and informed him of his right to

---

[2] *See id.* §§ 12.33, 22.02(a)(1), (b).

access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[3]

Moore did not file a pro se response to the *Anders* brief.[4]

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. And we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We therefore affirm the judgment of the trial court and grant counsel's motion to withdraw.[5] *See* TEX. R. APP. P. 43.2(a). Attorney Chris M. Dillon must immediately send the required notice and file a copy of that notice with the Clerk of

---

[3] Subsequently, this Court also notified Moore at his last known address of his right to access the record and file a response and provided a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

[4] He did, however, file a 10-page letter in connection with his motion to access the record.

[5] Appointed counsel still has a duty to inform Moore of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

this Court. *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guiney and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).